UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WESLEY H. BIRT,

　　　　　*Plaintiff-Appellant,*

v.

DORCHESTER COUNTY,

　　　　　*Defendant-Appellee.*

No. 03-1671

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-02-776-2-18)

Submitted: January 7, 2004

Decided: February 4, 2004

Before WIDENER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

A. Christopher Potts, HITCHCOCK & POTTS, Charleston, South
Carolina, for Appellant. Charles E. Carpenter, Jr., Georgia Anna
Mitchell, S. Elizabeth Brosnan, RICHARDSON, PLOWDEN, CAR-
PENTER & ROBINSON, P.A., Columbia, South Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Wesley H. Birt appeals the district court's decision granting summary judgment in favor of Dorchester County in his action brought pursuant to 42 U.S.C. § 1983 (2000). The district court concluded that Birt's speech that is the subject of this litigation was not constitutionally protected because it did not address a matter of public concern. We affirm.

We review a district court's order granting summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 247-48.

Citizens do not relinquish all of their First Amendment rights by virtue of accepting public employment. *See Connick v. Myers*, 461 U.S. 138, 142 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968); *Urofsky v. Gilmore*, 216 F.3d 401, 406 (4th Cir. 2000). "[A] State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." *Rankin v. McPherson*, 483 U.S. 378, 383 (1987). The determination of whether a restriction imposed on a public employee's speech violates the First Amendment requires a balance between the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. *Urofsky*, 216 F.3d at 406.

The first inquiry is whether the speech at issue was that of a private citizen speaking on a matter of public concern. If so, we then consider whether the employee's interest in First Amendment expression outweighs the public employer's interest in what the employer has determined to be the appropriate operation of the workplace. *See Pickering*, 391 U.S. at 568. The threshold inquiry therefore is whether Birt's speech addressed a matter of public concern. *See Urofsky*, 216 F.3d at 406. Whether speech is that of a private citizen addressing a matter of public concern is a question of law for the court that we review de novo. *See Connick*, 461 U.S. at 148 n.7; *Urofsky*, 216 F.3d at 406.

To determine whether speech involves a matter of public concern, we examine the content, context, and form of the speech at issue in light of the entire record. *Urofsky*, 216 F.3d at 406. Speech involves a matter of public concern when it involves an issue of social, political, or other interest to a community. *Id.* The place where the speech occurs is irrelevant: An employee may speak as a citizen on a matter of public concern at the workplace, and may speak as an employee away from the workplace. *Id.*

The Supreme Court has emphasized the unrelatedness of the speech at issue to the speaker's employment duties. *See Pickering*, 391 U.S. at 574 (explaining that when "the fact of employment is only tangentially and insubstantially involved in the subject matter of the public communication made by [the employee], . . . it is necessary to regard the [employee] as the member of the general public he seeks to be"). Thus, critical to a determination of whether employee speech is entitled to First Amendment protection is whether the speech is made primarily in the employee's role as citizen or primarily in his role as employee. *Urofsky*, 216 F.3d at 406. The focus on the capacity of the speaker recognizes the basic truth that speech by public employees undertaken in the course of their job duties will frequently involve matters of vital concern to the public, without giving those employees a First Amendment right to dictate to the state how they will do their jobs. *Id.*

We conclude that Birt's private, internal memorandum summarizing a councilman's request that a particular zoning investigation be halted did not address a matter of public concern because it was

directly related to Birt's duties as Zoning Administrator, did not assert any impropriety by the councilman, and was directed only to those employees who needed to be notified to cease their investigation. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*